IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

ASHTON B.,
Petitioner Below, Petitioner

FILED
February 27, 2024
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

v.) No. 23-ICA-96   (Fam. Ct. Jackson Cnty. No. FC-18-2022-D-59)

MEGAN E.,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Ashton B.[1] appeals the Family Court of Jackson County's "Respondent's Proposed Final Parenting Order" entered February 16, 2023. In that order, the family court awarded Respondent Megan E. the majority of the parenting time of the parties' two minor children. Megan E. filed a response in support of the family court's decision.[2] Ashton B. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were never married but share two minor children. On April 25, 2022, Ashton B. petitioned the family court to establish his paternity of the children and for the allocation of custodial responsibilities. After a temporary hearing, the family court entered its "Temporary Custodial Allocation and Child Support Order" on July 11, 2022. In that order, the family court found Megan E. to be the temporary primary residential parent and set visitation on a schedule where the parties would alternate visitation from Saturday to Wednesday one week and from Sunday to Wednesday the next week. A final hearing was set for August 30, 2022.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g*., W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Ashton B. is represented by Gabrielle R. Flanagan, Esq. Megan E. is represented by Krista Conway, Esq.

On August 2, 2022, Megan E. filed a Domestic Violence Petition against Ashton B. alleging that he made threats against her and her new romantic partner, pulled a gun on her, and threatened to kill himself. Following a hearing, the family court entered its August 11, 2022, Domestic Violence Protective Order ("DVPO"). In that order, the family court found that:

> [Megan E.] credibly testified [Ashton B.] threatened to shoot [Megan E.]'s boyfriend in the back of the head. [Ashton B.] threatened to T-bone [Megan E.]'s vehicle. [Ashton B.] threatened that he had the power to make [Megan E.] and her boyfriend disappear. The evidence is not contradicted, [Ashton B.] has pointed a gun at [Megan E.] in the presence of the minor child. [Ashton B.] admitted he placed a GPS tracker on [Megan E.]'s vehicle in March 2022. [Megan E.] was in reasonable fear for her safety.

The DVPO also required Ashton B. to have supervised visitation with his children.

A final hearing on custodial allocation was held on August 30, 2022. Both parties appeared with counsel and presented evidence. Relevant to the issues on appeal, Ashton B. testified that he has never put his children in harm's way; however, on cross-examination Ashton B. admitted that the vehicle he threatened to "T-bone" (as noted in the DVPO proceeding) was sometimes used to transport his children. Further, Megan E. put on evidence that Ashton B. was controlling, disrespectful, and had issues controlling his anger. One example was demonstrated by a recording that was played during the hearing wherein Ashton B. tells Megan E. that if he sees a vehicle similar to the one driven by Megan E.'s romantic partner drive by his home, Ashton B. was going to shoot him in the back of the head. Another recording was played of a phone conversation that occurred while the children were in a car with Ashton B. During the recording, Megan E. became concerned when she noticed that one of the children was not being restrained by the straps of the child's car seat. Despite Megan E.'s pleas to restrain the child, Ashton B. refused and when the child told Megan E., "Daddy is the boss when he has me. I'm not listening to you because you are not the boss [,]" Ashton B. can be heard saying, "thank you." There was testimony that the child viewing Ashton B. as the only source of authority caused trouble with the child and his teachers as well. At the conclusion of the hearing, the family court gave the parties twenty days to submit proposed findings of fact and conclusions of law.

On February 6, 2023, Megan E. moved to extend the DVPO for ninety days. The basis for the extension were reports from two different people to Megan E. that Ashton B. was seeking to pay someone to follow Megan E. and to physically assault Megan E.'s romantic partner. On February 16, 2023, Megan E. filed an Affidavit to Withhold Identifying Information on the basis of continuing threats by Ashton B.

Also on February 16, 2023, the family court entered Respondent's Proposed Final Parenting Order. In that order, the family court noted that it previously found that Ashton

B. "created a fear of physical harm by harassment, stalking, psychological abuse or threatening acts" by threatening Megan E. and her romantic partner. The family court found that it was not in the best interest of the children for the parties to have equal parenting time because Ashton B. does not peacefully co-parent with Megan E., disregards safety measures for the children when they are suggested by Megan E., and discounts Megan E.'s authority in the presence of the children. The family court noted that Ashton B. continued to interfere with Megan E.'s parenting decisions even while the DVPO was in place. The family court also found that since Ashton B. behaves appropriately in the presence of third parties, supervised parenting time with the maternal grandparent would ensure the welfare of the children. The family court then ordered that Megan E. would have the children during the week and every third weekend and Ashton B. would have parenting time with the children on the weekends with the exception of every third weekend. It is from this order that Ashton B. appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ashton B. first asserts that the family court erred by failing to enter an order within twenty days of the hearing as required by the West Virginia Rules of Practice and Procedure for Family Courts. "Generally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W. Va. 87, 91, 415 S.E.2d 891, 895 (1992). In addition to having a duty to properly preserve error for appeal by timely raising it before the lower court, Ashton B. has the duty on appeal to support his arguments with "appropriate and specific citations to the record . . . ." W. Va. R. App. P. 10(c)(7). Such specific citations include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." *Id*. Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, there is nothing in the record that demonstrates that Ashton B. raised this issue before the family court. This likely explains why Ashton B.'s brief does not contain any citation to the record that pinpoints when and how this issue was presented to the family court. Accordingly, the Court disregards this assignment of error as not adequately preserved for appeal.

Next, Ashton B. asserts that since both parties made allegations against one another and offered some proof of those allegations, the family court should have awarded equal custody to the parties. However, this Court cannot set aside a family court's findings "unless clearly erroneous," and a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 226, 470 S.E.2d 177, 180 (1996). Under the clearly erroneous standard, appellate courts of this State do not reweigh the evidence and will not reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017) (citation omitted). Here, Ashton B. is simply asking that we reweigh the evidence and rule in his favor. We decline to do so. Ashton B. has failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion by departing from the presumption that equal custody is in the children's best interest.

Lastly, Ashton B. argues the family court failed to make sufficient findings of fact and conclusions of law to support its decision. The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record.").

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013). Here, the family court's order is barely sufficient to facilitate a meaningful appellate review. Of specific concern is the family court's failure to cite to the applicable statutory provisions or specifically reference evidence adduced at the hearing. Nevertheless, we find that the order is sufficient because in these circumstances the factual and legal basis for the family court's ultimate conclusion is clear: it is not in the best interest of the children for the parties to have an equal parenting plan because Ashton B. does not peacefully co-parent with Megan E. Such a conclusion by the family court is supported by the record.

Accordingly, we affirm the family court's February 16, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

4

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear